UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER SCHAUB, et al.,

        Plaintiffs,

v.

THE BANK OF NEW YORK MELLON, as Trustee for First Horizon Mortgage Pass-Through Certificates Series FHAMS 2004-AA7, et al.,

        Defendants.

C18-505 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion for remand, docket no. 14, is GRANTED. In their Complaint, docket no. 1-1, plaintiffs plead three causes of action, all under state law, namely (i) for violation of Washington's laws regarding mortgages, including the Deeds of Trust Act, RCW Chapter 61.24, (ii) for violation of Washington's Consumer Loan Act, RCW Chapter 31.04, and/or Consumer Protection Act, RCW Chapter 19.86, and (iii) for unjust enrichment. Although the Complaint references a federal regulation, *i.e.*, 12 C.F.R. § 1024.41, it does so only to identify a violation that forms the basis of plaintiffs' claims under the Deeds of Trust Act, the Consumer Loan Act, and/or the Consumer Protection Act. In opposing plaintiffs' motion for remand, defendant First Horizon Home Loans, a division of First Tennessee Bank National Association ("First Horizon") makes no assertion that a federal private right of action exists for failure to comply with 12 C.F.R. § 1024.41. Moreover, although First Horizon accurately observes that the Complaint mentions, under the heading "Additional Claims," both the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act

MINUTE ORDER - 1

("RESPA"), along with several state common law theories, including negligence, fraud, misrepresentation, trespass, and breach of contract, the Complaint does not cite to any particular provision of the FDCPA or RESPA or include the type of allegations necessary to adequately plead a claim under either of those federal statutes. The Court concludes that no federal-question basis for jurisdiction exists. No contention has been made that the parties are completely diverse. Given the lack of subject matter jurisdiction, this case is REMANDED to the King County Superior Court, effective fourteen (14) days after the date of this Minute Order.

    (2)    The Court DECLINES to award costs, actual expenses, or attorney fees under 28 U.S.C. § 1447(c).

    (3)    First Horizon's motion to dismiss, docket no. 8, is STRICKEN without prejudice to refiling after remand is effected.

    (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of July, 2018.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 2